IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ELVIS MATSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-18-2369 |
| | § | |
| SANDERSON FARMS, INC., | § | |
| | § | |
| Defendant. | § | |

**ORDER**

Elvis Matson sued his former employer, Sanderson Farms, Inc., asserting claims under the Family and Medical Leave Act, the Americans with Disabilities Act, Title VII of the Civil Rights Act of 1964, and 42 U.S.C. § 1981. Sanderson Farms fired Matson on September 9, 2016, after Red Rock Addiction and Treatment Center, a facility where Matson received mental-health treatment, informed Sanderson Farms that Matson had falsified a doctor's note. After further investigation, Red Rock found that the doctor's note was legitimate and told Sanderson Farms. Sanderson Farms reinstated Matson and directed him to return to work on October 7 or 10, 2016, and to complete reinstatement paperwork. When Matson did not report to work on those days, Sanderson Farms fired him. Matson alleges that his firing was motivated by his decision to take medical leave for depression and hallucinations, and by his race. (Docket Entry No. 1 at 7–8).

Sanderson Farms moved for summary judgment, arguing that it had a legitimate, nondiscriminatory reason for firing Matson, and that it offered to reinstate Matson. (Docket Entry No. 18 at 21). Matson responded, contending that the reinstatement offer was "a sham." (Docket Entry No. 22 at 15). Sanderson Farms replied, submitting an Arizona State Board of Nursing Order and other documents. (Docket Entry No. 26 at 4). The Nursing Order stripped a nurse

1

practitioner at Red Rock of his nursing license for various misconduct, including writing an improper doctor's note for "EM," allegedly referring to Matson. (Docket Entry No. 26 at 5). Matson moves to strike the Nursing Order as irrelevant and inadmissible hearsay, or for leave to surreply. (Docket Entry No. 27). After a careful examination of the motion for summary judgment, response, reply, record evidence, and the applicable law, the court denies the motion to strike. (Docket Entry No. 27). Matson is granted leave to surreply no later than **June 5**, **2019**. The reasons are explained in detail below.

## I.     The Motion to Strike

Under Federal Rule of Civil Procedure 56(c)(2), a party "may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." FED. R. CIV. P. 56(c)(2). The "evidence relied upon need not be presented in admissible form, but it must be '*capable* of being presented in a form that would be admissible in evidence.'" *D'Onofrio v. Vacation Publ'ns, Inc.*, 888 F.3d 197, 208 (5th Cir. 2018) (emphasis in original) (quoting *LSR Consulting, LLC v. Wells Fargo Bank, N.A.*, 835 F.3d 530, 534 (5th Cir. 2016)). This standard "allows the court to consider the evidence that would likely be admitted at trial—as summary judgment is trying to determine if the evidence admitted at trial would allow a jury to find in favor of the nonmovant—without imposing on parties the time and expense it takes to authenticate everything in the record." *Maurer v. Indep. Town*, 870 F.3d 380, 384 (5th Cir. 2017).

Federal Rule of Evidence 402 precludes the admission of evidence that is not relevant. Evidence is relevant if it has any tendency to make a fact more or less probable than without the evidence. FED. R. EVID. 401. Matson contends that the Nursing Order is irrelevant because it was issued a year after Sanderson Farms terminated Matson's employment, and because both parties believed the nurse practitioner was a physician when he submitted certifications under the Family

2

Medical Leave Act. (Docket Entry No. 27 at 1). While much of the Nursing Order is not relevant to Matson's termination, the Nursing Board found that the nurse practitioner improperly wrote a doctor's note for "EM" because he wanted to go on vacation. Sanderson Farms argues that the record supports a reasonable inference that "EM" refers to Matson. (Docket Entry No. 26 at 5). Matson's motivation for failing to report to work is relevant to whether Sanderson Farms had a legitimate, nondiscriminatory reason for firing Matson. The finding is material to, and highly probative of, Sanderson Farms's reason for firing Matson and Matson's failure to return to work as requested. It causes no unfair prejudice to Matson. *See United States v. Patterson*, 431 F.3d 832, 839 (5th Cir. 2005) ("Relevant evidence is inherently prejudicial" and "it is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter under Rule 403") (quoting *United States v. McRae*, 593 F.2d 700, 707 (5th Cir. 1979)).

Matson argues that "EM" does not refer to him because it discusses a doctor's note dated "September 12, 2017," and he was discharged in September 2016. The record supports a reasonable inference that the doctor's note date is incorrect because the events described in the Nursing Order closely mirror the events in the record. Both the Nursing Order and the record explain that "EM" requested a doctor's note for work and that the doctor sent a note from his personal email. (Docket Entry No. 26 at 17). Both documents state that "EM" was discharged from Red Rock in the last week of August and requested the doctor's note in early September. (Docket Entry No. 26 at 17).

Matson asserts that the Nursing Order is inadmissible hearsay because it contains out-of-court statements and none of the exceptions to the hearsay rule applies. (Docket Entry No. 27 at 2). "Hearsay is an out-of-court statement offered to prove the truth of the matter asserted." *United States v. Piper*, 912 F.3d 847, 854 (5th Cir. 2019). Federal Rule of Evidence 803(8) creates

3

exceptions to the inadmissibility of hearsay. *Rock v. Huffco Gas & Oil Co.*, 922 F.2d 272, 280 (5th Cir. 1991). Federal Rule of Evidence 803(8)(A)(iii) makes admissible "[a] record or statement of a public office if it sets out . . . factual findings from a legally authorized investigation." FED. R. EVID. 803(8)(A)(iii). The "justification for the exception is the assumption that a public official will perform his duty properly and the unlikelihood that he will remember details independently of the record." FED. R. EVID. 803(8)(A)(iii) advisory committee's note; *see also Bradford Tr. Co. v. Merrill Lynch, Pierce, Fenner and Smith, Inc.*, 805 F.2d 49, 54 (2d Cir. 1986) ("This rule is premised on the assumption that public officials perform their duties properly without motive or interest other than to submit accurate and fair reports."). The Arizona State Board of Nursing is a public office under Rule 803(8) because it is a government agency. *See Smith v. Isuzu Motors*, 137 F.3d 859, 862 (5th Cir. 1998); ARIZ. REV. STAT. ANN. § 32-1602 (2017). The Nursing Order gives the results of a "legally authorized investigation" of the nurse practitioner's professional conduct. Even assuming that the Nursing Order is hearsay, it is admissible under Rule 803(8)(A)(iii). Matson's motion to strike the Nursing Order is denied. (Docket Entry No. 27).

## II. The Motion for Leave to Surreply

Matson objects that the documents submitted with the reply are untimely. (Docket Entry No. 27 at 2). Matson states that he lacked an opportunity to respond to them and that they should be stricken from the record. When the moving party submits new summary judgment evidence in a reply, Federal Rule of Civil Procedure 56(c) "requires the court to give the non-movant an adequate opportunity to respond prior to a ruling." *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 545 (5th Cir. 2003); *see also Seay v. TVA*, 339 F.3d 454, 481–82 (6th Cir. 2003) ("[T]he purposes of notice and opportunity to respond extend Rule 56(c) to the situation where the moving party submits in a reply brief new reasons and evidence in support of its motion for summary

judgment, and require a district court to allow the nonmoving party an opportunity to respond.").
Matson's motion for leave to surreply is granted. (Docket Entry No. 27 at 3). The surreply may not exceed 10 pages and Matson must file it no later than **June 7**, **2019**.

SIGNED on May 28, 2019, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge